IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEPANTA JALALI<br>7795 Early Meadow Rd.<br>Westerville, Ohio 43082, | :<br>:<br>: | Case No. 2:16-CV-512 |
| Plaintiff, | : | Judge _____ |
| v. | : | |
| UNUM LIFE INSURANCE COMPANY<br> OF AMERICA<br>c/o Unum Group<br>1 Fountain Square<br>Chattanooga, TN 37402, | :<br><br>:<br><br>: | Magistrate Judge_____ |
| Defendant. | : | |

## COMPLAINT

For her Complaint against the Defendant, Unum Life Insurance Company of America, Plaintiff Sepanta Jalali states as follows:

**Parties**

1. The Plaintiff, Sepanta Jalali, was at all relevant times an employee of Mt. Carmel Health Systems ("Mt. Carmel") and is a participant in an employee welfare benefit plan (the "Plan") established by Mt. Carmel under the terms of the Employee Retirement Income Security Act for the purpose of providing long-term disability benefits.

2. The Defendant, Unum Life Insurance Company of America ("Unum"), is the insurer of the disability benefits available under the Plan and is, therefore, the real party in interest with respect to this claim.

1

**Jurisdiction and Venue**

3. The Plaintiff's claim arises under ERISA. Jurisdiction is predicated on 29 U.S.C. §1132.

4. The Plan is administered, in part, in Franklin County, Ohio. Venue, therefore, is proper in the Eastern Division of the Southern District of Ohio.

**Facts Common to All Claims**

5. Immediately prior to November 13, 2008, Jalali was a resident physician employed in Columbus, Ohio, by Mt. Carmel and was a participant in the Plan.

6. On November 13, 2008, Jalali became unable to work due to a variety of medical conditions.

7. Jalali timely applied to Unum for long-term disability benefits under the terms of the Plan.

8. Unum approved Jalali's application, and Jalali began receiving a monthly benefit payment from Unum in April, 2009.

9. Unum paid Jalali's claim from April 2009 to February 2012.

10. In February, 2012, Unum determined that Jalali was no longer disabled from any occupation and terminated her benefits on that basis.

11. After exhausting administrative remedies, Jalali commenced an action in this Court, *Jalali v. Unum Life Insurance Company of America*, Case No. 2:12-cv-828 (hereinafter, "*Jalali I*").

12. On March 24, 2014, this Court filed an Opinion and Order in *Jalali I* granting Jalali's motion for judgment on the administrative record and directing Unum to reinstate her benefits.

13. Unum reinstated Jalali's benefits as directed, but then unilaterally reduced them by applying, as an offset, money that Jalali and her husband received years earlier as the result of the settlement of an automobile accident lawsuit (hereinafter "Auto Litigation").

14. The automobile accident that culminated in the Auto Litigation occurred on or about January 10, 2007, two years before Unum determined that Jalali was disabled and began paying her a monthly benefit.

15. As the administrative record that was filed in *Jalali I* reflects, Jalali informed Unum shortly after she filed her long-term disability claim that she had been injured in an automobile accident.

16. Unum took no action at that time to assert any claim to any proceeds that might follow from the Auto Litigation.

17. Also according to the administrative record in *Jalali I*, on September 16, 2009, and October 26, 2009, Unum obtained, through its investigators, additional information about the Auto Litigation, including a copy of the police report about the accident.

18. Even upon receipt of this information, Unum took no action to assert any claim to any proceeds that might follow from the Auto Litigation.

19. Also according to the administrative record on *Jalali I*, Unum knew, no later than October 2010 that Jalali had retained an attorney to pursue the Auto Litigation.

20. The *Jalali I* administrative record also reflects that, on or about November 9, 2010, Unum had obtained a copy of the docket sheet from the state court where Jalali's Auto Litigation was pending.

21. Even upon receipt of this information, Unum took no action to assert any claim to any proceeds that might follow from the Auto Litigation.

22. On May 13, 2011, according to the *Jalali I* record, Jalali's Auto Litigation attorney sent a fax to the Unum claims representative handling her long-term disability claim.

23. Jalali's attorney informed Unum that the Auto Litigation case was being mediated, and he asked whether Unum was asserting any subrogation rights.

24. Unum did not respond to the attorney's letter.

25. As reflected in the *Jalali I* record, Jalali's attorney faxed a second letter about the Auto Litigation and renewed his request for a response from Unum.

26. The *Jalali I* record reflects that the Unum representative informed Jalali's attorney by telephone that Unum was looking into the matter.

27. On May 19, 2011, according to the *Jalali I* record, Unum responded by letter to Jalali's attorney.

28. Although Unum's May 19, 2011 letter is, in part, illegible, it appears to inform Jalali's attorney that "it is possible" that Unum "may have some amount of reimbursement interest" in the proceeds of any settlement.

29. Unum did not, however, in that letter or in any other communication assert an equitable lien or otherwise take any action to protect its right to subrogation or reimbursement.

30. Jalali ultimately settled her Auto Litigation claim.

31. Jalali's settlement did not make her whole. During the course of the Auto Litigation, evidence was adduced that Jalali's loss of future income alone exceeded the limits of the policy that insured the driver of the automobile that injured Jalali.

32. Because Unum did not assert any right to subrogation in the Auto Litigation, no amount of the settlement sum was dedicated to, or reserved for, Unum.

33. Jalali and her husband ultimately received a sum of money, reduced by her attorney's fees and costs, as a result of the settlement of the Auto Litigation.

34. Jalali and her husband have largely dissipated the settlement sum, using the proceeds, for example, to pay outstanding medical bills and to repay Jalali's medical school loans.

35. As of February 2012, when Unum terminated Jalali's benefits (culminating in *Jalali I*), Unum had not asserted a claim, equitable or otherwise, to any portion of Jalali's settlement, nor had it asserted any equitable or legal right to reimbursement.

36. As of July 2, 2012, when Unum denied Jalali's appeal of its decision to terminate her benefits (again culminating in *Jalali I*), Unum had not asserted a claim, equitable or otherwise, to any portion of Jalali's settlement, nor had it asserted any equitable or legal right to reimbursement.

37. Jalali filed *Jalali I* on or about September 10, 2012.

38. Unum answered but did not assert a counterclaim based on its claimed right of reimbursement or subrogation.

39. After this Court issued its Opinion and Order in *Jalali I*, Unum for the first time claimed an entitlement to reduce Jalali's benefit by the amount of the settlement sum she received as a result of the Auto Litigation.

40. Jalali challenged the benefit reduction by filing an administrative appeal in which she argued, *inter alia*, that Unum had waived its right to reimbursement and also argued that Unum's setoff was barred by the "make whole" doctrine.

41. Unum denied Jalali's appeal.

**42.** Jalali has now exhausted her administrative remedies.

**Count I**

43. The provisions of the foregoing paragraphs are incorporated by reference as if fully rewritten herein.

44. Jalali brings this claim under 29 U.S.C. §1132(a)(3) and seeks equitable relief.

45. By its failure and refusal to protect its subrogation interest during the pendency of the Auto Litigation, Unum waived its right to offset the proceeds from Jalali's settlement of the Auto Litigation.

46. In the alternative, Unum's offset of the proceeds from Jalali's settlement of the Auto Litigation is barred by the equitable doctrine of laches.

47. In the alternative, Unum's offset of the proceeds from Jalali's settlement of the Auto Litigation is barred by the equitable doctrine of estoppel.

48. In the alternative, Unum's offset of the proceeds from Jalali's settlement of the Auto Litigation is barred by its failure to assert its right to do so in a compulsory counterclaim in *Jalali I*.

49. In the alterative, Unum's offset of the proceeds from Jalali's settlement of the Auto Litigation is barred by the "make whole" doctrine.

50. Jalali, therefore, seeks equitable relief in the form of an order from this Court enjoining Unum from reducing Jalali's monthly benefit and directing Unum to restore to Jalali all of the funds that it has to date withheld.

WHEREFORE, the Plaintiff, Sepanta Jalali, demands judgment in her favor and against the Defendant as follows:

    A. A determination that Unum is not entitled to offset Jalali's monthly benefit payments by any amount due to the settlement of the Auto Litigation;

B.  An order directing Unum to restore to Jalali all benefit payments it has withheld;

C.  Pre-judgment and post-judgment interest;

D.  Attorney's fees and the costs of this action; and

E.  Such other and further relief as the Court determines to be equitable and just.

        Respectfully submitted,

        _____/s/ Tony C. Merry_____
        Tony C. Merry     (0042471)
        Trial Attorney
        Law Offices of Tony C. Merry, LLC
        7100 N. High Street, Suite 302
        Worthington, Ohio  43085
        (614) 372-7114
        (614) 505-6109 [fax]
        tmerry@tmerrylaw.com
        Attorney for Plaintiff